**SO ORDERED.**

**SIGNED September 30, 2010.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE
_____

```
          UNITED STATES BANKRUPTCY COURT
           WESTERN DISTRICT OF LOUISIANA

IN RE:

ROBERT A. McPHEDRAN                         CASE NO. 08-51453

   Debtor                                   Chapter 7

-----------------------------------------------------------------
                       MEMORANDUM RULING
-----------------------------------------------------------------
```

The present matter before the court is a Motion to Enforce Discharge, for Contempt, for Violation of Discharge, for General, Punitive and Special Damages filed Robert A. McPhedran. McPhedran was granted a Chapter 7 discharge in July 2009 and contends that Tim and Michelle Ronsonet (the "Ronsonets") violated the discharge injunction by causing a consent judgment to be entered against McPhedran post-discharge by the 16th Judicial District Court, Iberia Parish. The court took the matter under advisement. After considering the record and the relevant authorities, the court rules as follows.

**JURISDICTION**

The court has jurisdiction over the matters asserted in this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(a). This matter is a core proceeding in which this court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(I) and (J). The following Memorandum Ruling shall constitute the court's findings of fact and conclusions of law.

**BACKGROUND**

McPhedran was a principal of Genesis Pools, Inc., a Louisiana corporation. In April 2007, the Ronsonets hired Genesis to install a pool, decking and waterfall at their home. The Ronsonets contend that the work of Genesis and McPhedran was defective, and filed suit against McPhedran and Genesis in the 16th Judicial District Court, Iberia Parish, on February 28, 2008. (Debtor's Exh. 1). McPhedran filed for relief under Chapter 13 of the Bankruptcy Code on December 16, 2008. McPhedran's Chapter 13 case was subsequently converted to a case under Chapter 7 of the Code. McPhedran received a discharge on July 6, 2009. (Debtor's Exh. 3). Following the entry of McPhedran's discharge, the Ronsonets proceeded with the state court proceeding even though McPhedran was still a named defendant in that proceeding. The Ronsonets contend that the litigation was being pursued solely against Genesis, and obtained a comfort order allowing the case to proceed solely

against Genesis. On November 16, 2009, the Ronsonets, McPhedran and Genesis consented to the entry of an agreed judgment providing that Genesis *and* McPhedran would pay the sum of $76,000 to the Ronsonets in settlement of all claims. (Debtor's Exh. 8). In connection with that settlement, McPhedran signed a promissory note for $76,000. The Ronsonets recorded the November 16th judgment in Iberia Parish. In March 2010, the Ronsonets commenced collection efforts against McPhedran. Specifically, the Ronsonets filed a Petition to Make Judgment Executory and for Garnishment in the 15th JDC, Lafayette Parish. In May 2010, McPhedran's counsel forwarded a check for $21,657.14 to the Ronsonets "on behalf of Robert McPhedran...to partially fulfill" the November 16th judgment. (Debtor's Exh. 14). McPhedran also contends that he paid the Ronsonets an additional $8,200 "as a direct consequence of the actions of [the Ronsonets] in pursuing the collection of a discharged debt." (Motion to Enforce at 7). McPhedran subsequently moved to re-open his bankruptcy case, and after the order re-opening the case was entered, filed the present Motion to Enforce. McPhedran contends that the November 16th Judgment, the Promissory Note, and the Ronsonets' efforts to collect from him personally violated the discharge injunction. McPhedran seeks the return of $29,857.14 paid by McPhedran to the Ronsonets as well as sanctions, punitive damages, and attorney fees.

-3-

## DISCUSSION

A discharge in a Chapter 7 case "discharges the debtor from all debts that arose before the date of the order for relief" except those debts that are excepted from discharge under 11 U.S.C. §523. 11 U.S.C. §727(b). The basic protections of the discharge are set forth in 11 U.S.C. §524. Section 524(a)(1) states that a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under Section 727...of this title, whether or not discharge is waived." 11 U.S.C. §524(a)(1). Section 524(a)(2) states that the discharge "operates as an injunction against the commencement on continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." Under these provisions, a post-discharge judgment on a discharged debt is void and subjects the creditor obtaining the judgment in violation of the discharge injunction to sanctions. The scope of the discharge injunction is limited to the personal liability of the debtor. It does not extend to *in rem* rights or to the personal liability of non-filing third parties. 11 U.S.C. § 524(e). A debtor may, however, agree to pay a dischargeable debt subject to the requirements of Section 524(c). Section 524(c) provides that

-4-

an "agreement between a holder of a claim and the debtor, the consideration which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law...only if" that agreement satisfies the requirements set forth in Section 524(c) and 524(d). For example, Section 524(c) requires a hearing before the bankruptcy court in the case of a pre-discharge reaffirmation agreement if (1) the agreement is not signed by counsel, and/or (2) the debtor's schedules support a presumption that the agreement will create an undue hardship. Section 523(d) requires a hearing and court approval of reaffirmation agreements executed after the discharge is entered. Post-discharge agreements that do not strictly comply with the requirements of 524(d) are void. See In re Cruz, 254 B.R. 801, 813 (Bankr. S.D.N.Y. 2000) (Post-discharge settlement agreement involving pre-petition claims was not a valid reaffirmation agreement to the extent that it did not comply with Section 524; In re Moore, 50 B.R. 301, 302 (Bankr. S.D. Ohio 1985) ("The only manner in which a debtor's personal liability on a pre-petition debt can survive a discharge is through an enforceable reaffirmation agreement between the debtor and creditor pursuant to 11 U.S.C. §524(c).")

Turning to the present case, McPhedran contends that the Promissory Note and the November 16th judgment violate the discharge

-5-

injunction and are void because they effectively reimpose personal liability on McPhedran for a pre-petition claim that was discharged under Section 727(b) without complying with the requirements of 523(d). The Ronsonets contend that McPhedran entered into an entirely new post-discharge obligation under which McPhedran guaranteed the $76,000 settlement amount to be paid by Genesis. The Ronsonets acknowledge that McPhedran was discharged from personal liability on claims asserted against him. However, according to the Ronsonets, the contract claims against Genesis survived discharge under section 524(e), and that these claims are separate and distinct from the negligence claims asserted against McPhedran and discharged under Section 726(b). The Ronsonets contend that McPhedran entered into a new obligation when he agreed to personally pay to settle the claims against Genesis.

The Ronsonets are correct that a debtor may enter into a new post-discharge obligation with a creditor that is not based in whole or in part on a discharged debt. See, e.g., In re Antonio, 241 B.A. 883, 887-888 (N.D.Ill. 1999) (Settlement agreement involved claim that arose post-petition). The problem for the Ronsonets is that the record does not support their contention that the Promissory Note and the November 16th judgment are wholly new obligations. Rather, the record supports McPhedran's argument that the note and judgment are based wholly or in part on discharged

-6-

claims. The Ronsonets' original state court petition alleged that Genesis and McPhedran were "jointly and solidarily liable" to the Ronsonets based on **"defendants'** negligent acts of defective design, defective site and base preparation, defective construction, inadequate supervision, and any other acts proven at trial." (Debtor's Exh. at ¶¶ 21, 24). These claims were discharged with respect to the personal liability of McPhedran. The November 16th judgment does not, as the Ronsonets suggest, solely resolve the claims against Genesis. The judgment states that "Robert McPhedran **and** Genesis Pools, Inc. shall pay the sum of...($76,000) as full and final settlement of **all claims asserted by plaintiffs...in the above-captioned matter**." (Debtor's Exh. 8) (emphasis added). The claims asserted "in the above-captioned matter" include claims against McPhedran that existed as of the petition date, and were therefore discharged. Moreover, the judgment further states that McPhedran is "personally and individually **renewing** this obligation as a new, successive, and subsequent binding obligation." (Debtor's Exh. 8). (emphasis added). Although this language refers to a "new, successive" obligation, it is clear that the intent was to "renew" a prior obligation arising from pre-petition claims that were discharged. Accordingly, the post-discharge Promissory Note and the November 16th judgment were based "in whole

-7-

or in part" on a discharged debt. Because the note and judgment do not comply with the requirements of Section 524(d), the Ronsonets' efforts to collect that debt violated the discharge injunction.

Turning to damages, McPhedran is entitled to the return of the $21,657.14 paid on behalf of McPhedran in violation of the discharge injunction. As far as the additional $8,200 that McPhedran allegedly paid to the Ronsonets "as a direct consequence of the actions of [the Ronsonets] in pursuing collection of a discharged debt," the record does not include any support for this amount, nor does the record reveal the circumstances or timing of these payments. The court will allow McPhedran to supplement the record to include additional support for his contention that the $8,200 was paid as a result of actions taken in violation of the discharge injunction. With respect to attorneys' fees, the court does not find sufficient grounds to impose attorneys' fees on the Ronsonets considering the circumstances and record as a whole. Within 30 days, McPhedran is to file with the court and serve upon the Ronsonets his additional proof as to the additional $8,200 requested. In all other respects, McPhedran's request for sanctions, punitive damages, and attorney fees for the state court litigation are denied. Based on the record, the court concludes that the Ronsonets' conduct, albeit a violation of the discharge injunction, does not warrant any additional relief. See Cruz, 254

-8-

08-51453 - #48  File 09/30/10  Enter 10/01/10 11:25:06  Main Document  Pg 8 of 9

B.R. at 817 (declining to impose sanctions for a settlement agreement that violated the discharge injunction).

### CONCLUSION

For the foregoing reasons, the court grants McPhedran's Motion to Enforce and orders that the Ronsonets turn over the $21,657.14 paid on behalf of McPhedran in violation of the discharge injunction within 30 days. Within 30 days, McPhedran is to file with the court and serve upon the Ronsonets his additional proof as to the additional $8,200. In all other respects, the Motion to Enforce is denied.

**IT IS SO ORDERED.**

###